UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN MARSHALL, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD INC. and DECATUR COUNTY SHERIFF DEPARTMENT, <br><br> Defendants. | CAUSE NO. 3:21-CV-376-RLM-MGG |

OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, filed a complaint, alleging that black mold in the Decatur County Jail caused large, painful cysts on his body while he was detained there in 2019. He sues the Decatur County Sheriff's Department and Wexford, the private company contracted to provide medical care at the jail, requesting that the jail be closed down and that he be awarded $400,000 in damages. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Marshall alleges that there was black mold in the showers at the Decatur County Jail, which he says caused a bump to grow under his left arm. The jail nurse

told him it was a fatty tissue growth, and scheduled him to see the doctor, who gave him medication for it. But the bump continued to grow and cause him pain. It broke open a couple weeks later and the nurse drained all the fluid, but a new bump began to grow on his throat the next day, eventually becoming the size of a tennis ball. He was taken to the emergency room, but the medication he received didn't get rid of the infection. He contends that no one there could determine the cause of the cysts. Mr. Marshall was still in the same condition when he was moved to prison the following week. He doesn't say what happened to the cysts over the next two years in the prison.

Mr. Marshall hasn't plausibly alleged that the jail conditions caused his cysts so as to state a claim under 42 U.S.C. § 1983. Because Mr. Marshall was a pretrial detainee when the events occurred, his claims are analyzed under the Fourteenth Amendment. *See* Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). "[T]o prevail on a claim alleging unconstitutional conditions of pretrial confinement, the plaintiff must prove three elements: (1) the conditions in question are or were objectively serious (or if the claim is for inadequate medical care, his medical condition is or was objectively serious); (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, 'not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 827 (7th Cir. 2019) (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015)). To show a condition of confinement is objectively serious, "the inmate must show that he is

2

incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Mr. Marshall identifies black mold as the condition that posed a substantial risk of serious harm, but the complaint doesn't plausibly allege that the black mold is linked to his cysts or otherwise caused him an injury. *See* Gray v. Hardy, 826 F.3d 1000, 1006 (7th Cir. 2016) (noting requirement in § 1983 cases that plaintiff "must also show that he suffered some cognizable harm from the [challenged prison condition]"). For people who are sensitive to mold, common symptoms of mold exposure are "stuffy nose, wheezing, and red or itchy eyes, or skin," which can be worse in people who have asthma or allergies to mold. Center for Disease Control, *Basic Facts About Mold and Dampness*, available at https://www.cdc.gov/mold/faqs.htm (last visited Oct. 22, 2021). Because the link between mold and cysts is not obvious, Mr. Marshall must provide a plausible basis for his belief that the two are linked. A complaint must contain enough factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the

3

law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For completeness, the court notes that, although Mr. Marshall details his medical treatment at the jail, he doesn't seem to be claiming that he received constitutionally inadequate medical care. A claim for inadequate medical care under the Fourteenth Amendment requires that he allege a defendant's purposeful, knowing, or reckless actions toward a serious medical need were objectively unreasonable under the circumstances. *See* Miranda v. Cnty. of Lake, 900 F.3d 335, 353 (7th Cir. 2018). The complaint indicates that Mr. Marshall received prompt medical care when needed, satisfying the Fourteenth Amendment, even though the cause of the cysts was never determined. This alleges, at most, medical malpractice, and not a constitutional violation. *See id.* at 354 (medical negligence is not enough to state a Fourteenth Amendment violation).

This complaint doesn't state a claim for which relief can be granted. Mr. Marshall may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). If he decides to file an amended complaint, he needs to identify a proper defendant. Liability under § 1983 is based on personal involvement in the alleged violation. *See* Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). An individual cannot be held liable under § 1983 simply because

4

employees who report to him violate a person's constitutional rights. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Mr. Marshall must identify a defendant who was aware of the black mold problem in the jail but didn't take reasonable measures to abate it. To file an amended complaint, he needs to write this cause number (3:21cv00376) on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Shawn Marshall until **November 26, 2021**, to file an amended complaint; and

(2) CAUTIONS Shawn Marshall if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 27, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

5